UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LUCIO LANDEROS-VALDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Criminal No.: 1:11-cr-00096-BLW<br>Civil No.: 1:19-cv-00114-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Petitioner Lucio Landeros-Valdez's (hereinafter, "Valdez") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(e). Crim. Dkt. 205; Civ. Dkt. 1. The United States of America (hereinafter, "Government") responds with a Motion to Dismiss Proceedings Pursuant to 28 U.S.C. § 2255. Civ. Dkt. 4. The Court GRANTS the United States' Motion and DENIES Valdez's Motion.

## ANALYSIS

Valdez's petition must be dismissed because it was filed after the statute of limitation ran. The United States Court of Appeals for the Ninth Circuit affirmed Valdez's conviction and subsequently issued its mandate on September 12, 2013. Crim.

Dkt. 197. Valdez does not contest that he failed to seek a writ of certiorari from the United States Supreme Court. Accordingly, the judgment became final on December 11, 2013. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that the one-year statute of limitations for claims brought pursuant to Section 2255 begins after the time period to file the petition for a writ of certiorari elapses); Sup. Ct. R. 13 (requiring that petitions for writs of certiorari be filed within 90 days of the issuance of the mandate). Valdez did not file his petition until March 25, 2019; more than six years after the statute of limitation ran.

Rather than responding to the Government's statute of limitation arguments, Valdez simply asserts that his original petition invoked the savings clause in § 2255(e), which would have the effect of converting his § 2255 petition into a § 2241 petition. Valdez's claim is that his sentence was improperly enhanced based upon a juvenile conviction, and that he is "actually innocent" of that enhancement. While Valdez uses the correct buzz words, it is analytically misguided. The problem is that his petition does not include a claim for actual innocence; to the contrary, Valdez acknowledges that he was convicted of a crime as a 17-year-old. Crim. Dkt. 205 at 2. This is fatal to his argument that his petition falls under the "savings clause" as it has been interpreted by the Ninth Circuit. *See Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006) ("Along with many of our sister circuits, we have held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an "unobstructed procedural shot" at presenting that claim."). At bottom,

Valdez's petition is a thinly veiled § 2255 petition to which the one-year statute of limitations applies. § 2255(f).

Finally, the Court will turn to whether a certificate of appealability should issue in this case. The standard to obtain review is lower than that required for the Petitioner to succeed on the merits of his petition. *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000). To satisfy this lower standard when the court has denied a § 2255 motion, a petitioner must show reasonable minds could debate over the resolution of the issues or that questions raised in the petition deserve further review. *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006). Having reviewed the record in this case, the Court finds that reasonable jurists would not find its determinations regarding Valdez's claims to be debatable or deserving of further review. Accordingly, the Court will not issue a certificate of appealability as to any issue raised in Valedez's § 2255 motion.

## ORDER

**IT IS HEREBY ORDERED:**

1. Valdez's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(e) (Crim. Dkt. 205; Civ. Dkt. 1) is DENIED.

2. The Government's Motion to Dismiss Proceedings Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 4) is GRANTED.

3. A Certificate of Appealability shall not issue in this case. Mr. Camacho is advised that he may still request a certificate of appealability from the Ninth Circuit Court

of Appeals pursuant to the Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.

4. IT IS FURTHER ORDERED that the Clerk of Court shall forward a copy of this Order to the Ninth Circuit. The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: June 25, 2019

B. Lynn Winmill
U.S. District Court Judge