UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUCIO LANDEROS-VALDEZ,<br><br>Defendants. | Case No. 1:11-cr-00096-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Lucio Landeros-Valdez's Motion for Imposition of a Reduced Sentence Under 18 U.S.C. § 3582(c)(1)(A). Dkt. 210. The Government opposes the motion. Dkt. 213. After considering the briefing and record, the Court will deny the motion.

## BACKGROUND

In 2011 a jury convicted Landeros of possession with intent to distribute 50 grams or more of pure methamphetamine. Dkt. 122. In 2005 Landeros had pled guilty to felony trafficking in a controlled substance in Nevada. *PSR* ¶ 29. Although Landeros was 17 at the time of the Nevada offense, the plea agreement certified him as an adult. *Id.*

**MEMORANDUM DECISION AND ORDER - 1**

At the time Landeros was sentenced for his federal conviction 21 U.S.C. § 841(b)(1)(A)(viii) required that an individual convicted of a prior felony drug offense be sentenced to not less than 20 years. In 2018 Congress passed the First Step Act. PL 115-391, December 21, 2018, 132 Stat 5194. Section 401 of the First Step Act reduced the mandatory minimum sentence from 20 years to 15 years for defendants with a previous drug conviction. Congress also provided that the amendments made by Section 401 "shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."

At sentencing, the Court determined that Landeros' adjusted offense level was 34, which with a criminal history category II, yielded a guideline range of 168 to 210 months. Because the mandatory minimum sentence of 20 years was above the guideline range, the Court sentenced Landeros to 240 months.

Landeros appealed his conviction arguing 1) that there was not sufficient evidence to support the conviction, and 2) that this Court erred in imposing the 20-year mandatory minimum sentence. The Ninth Circuit rejected both arguments and

**MEMORANDUM DECISION AND ORDER - 2**

affirmed the conviction.[1]

## LEGAL STANDARD

Landeros seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut,* 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

## ANALYSIS

Landeros submitted a request to the Warden of his facility on March 3, 2020.

---

[1] Landeros' trial counsel had not filed an objection to the PSR's determination that the 20-year mandatory minimum sentence applied. Because the Landeros had not objected at sentencing, the Ninth Circuit reviewed for plain error. *See* Dkt. 193.

**MEMORANDUM DECISION AND ORDER - 3**

Dkt. 210 at 11. Accordingly, he has exhausted his administrative remedies and his motion is ripe for consideration.

Landeros argues that an accumulation of factors demonstrate extraordinary and compelling circumstances warranting his release. First, he argues that BOP lost his legal documents so he was unable to file a timely § 2255 petition challenging his trial counsel's incompetence. Landeros did file a § 2255 petition in March 2019, which was five and half years after the mandate of the Ninth Circuit issued. Landeros next contends that his trial and appellant counsel's incompetence – by failing to object to the mandatory minimum, and failing to cite the correct standard of review, respectively – resulted in an unjust sentence. Finally, Landeros relies on the amendments to § 841 made by the First Step Act, and the resulting reduction in the mandatory minimum from 20 years to 15 years, to argue that he is serving a longer term of incarceration than Congress now deems necessary.

Landeros relies on a series of cases related to the changes enacted by the First Step Act with regard to "stacking" of multiple § 924(c) offenses.[2] For instance, in *U.S. v. Quinn*, 467 F.Supp.3d 824 (N.D. Cal. 2020), the court found that the 30-year disparity in the defendant's sentence imposed, compared to the

---

[2] *See United States v. Gaines*, 2020 WL 7641201, at *2 (W.D. Wash. Dec. 23, 2020) (collecting cases).

**MEMORANDUM DECISION AND ORDER - 4**

sentence that would have been imposed today, constituted extraordinary and compelling reasons to justify reducing the sentence. There, the court was concerned with the "draconian" nature of the sentence caused by the old § 924(c) stacking requirement and the old definition of a crime of violence. The court also explained that the First Step Act clarified § 924(c), instead of amending it – meaning that "Congress never intended the statute to result in a 'stacked' sentence." *Id.* at 829 (quoting *United States v. Decator*, 452 F. Supp. 3d 320, 325 (D. Md.), *aff'd sub nom. United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020)).

Landeros' sentence was not enhanced due to prior § 924(c) convictions, therefore this line of case law is largely inapplicable. Instead, Landeros' sentence was increased to a 20-year mandatory minimum due to his prior controlled substances felony. Unlike the provisions of the First Step Act relating to § 924(c), Congress did not "clarify" section § 841(b). Instead, it amended that section – reducing the mandatory minimum. Congress also limited the retroactivity of the amendment by stating specifically that it applies to defendants that had not been sentenced by the date of enactment. If Congress had intended to make the

**MEMORANDUM DECISION AND ORDER - 5**

amendments to § 841(b) retroactive it could have, but it did not.[3]

Further, the discrepancy between the sentence imposed and the sentence that may have been imposed today is not "draconian." Landeros was sentenced to the 20-year mandatory minimum.[4] If the Court were to sentence him today, it would still be required to impose a 15-year mandatory minimum sentence. At most, this resulted in a 5-year discrepancy. Not a 30-year discrepancy like offenders subject to § 924(c) "stacking."

Finally, Landeros' other arguments are without merit. Landeros waited more than five years from the entry of the Ninth Circuit's mandate to file his § 2255 petition. This is more than four years beyond the statute of limitations. Even if some delay was due to lost paperwork, surely it was not four years' worth of delay.

Accordingly, the Court finds that Landeros has not demonstrated extraordinary and compelling reasons warranting his release. Further, Landeros has

---

[3] A sentencing disparity between defendants sentenced today and those sentenced in the past is also not the type of "extraordinary and compelling reason" envisioned by the Sentencing Commission in U.S.S.G. § 1B1.13. This Court has held that § 1B1.13 is no longer binding, because it has not been updated since the passage of the first step act, but it is still persuasive. *United States v. Linares*, 2021 WL 27295, at *2 (D. Idaho Jan. 4, 2021). It would not be appropriate for this Court to use compassionate release to give retroactive effect to a congressionally enacted penalty structure, when Congress has expressly declined to do so. *Dorsey v. United States*, 567 U.S. 260, 272 (2012).

[4] At sentencing, the Court determined that Landeros' guideline range was 168 to 210 months. If Landeros was sentenced today his guideline range would likely be 135 to 168 months.

not addressed the § 3553(a) factors nor demonstrated that they in any way support reducing his sentence.

## ORDER

**IT IS ORDERED** that Lucio Landeros-Valdez's Motion for Imposition of a Reduced Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Dkt. 210) is **DENIED**.

DATED: March 9, 2021

_____
B. Lynn Winmill
U.S. District Court Judge